# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOEL LAUDERDALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 3170 |
| ) | |
| CAPITAL FITNESS, INC., ) | Judge Rebecca R. Pallmeyer |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joel Lauderdale was employed as a porter/janitor in gyms operated by the Defendant until his termination in 2006. In this lawsuit, Plaintiff contends that Capitol Fitness harassed and ultimately fired him because of his race, African-American. After a period of discovery, the parties filed cross-motions for summary judgment. For the reasons set forth below, Plaintiff's motion for summary judgment is denied and Defendant's is granted.

## FACTUAL BACKGROUND

The facts presented here are based primarily on Defendant's Local Rule 56.1 statement of material facts. Although warned of the need to comply with the court's rules [see Docket No. 29], Plaintiff's response to the Defendant's statement failed to contradict any of the Defendant's factual assertions and included very few citations to the record. (*See* Plaintiff's Local Rule 56.1 Statement of Material Facts in Support of Its Mot. for Summ. J. of 9/2/2008 (hereinafter "Pl.'s 56.1 Response") ¶¶ 11, 21 [Docket No. 31].) His own Local Rule 56.1 Statement of Material Facts was not filed with his own motion for summary judgment, but was instead submitted only after Defendant filed a written response to Plaintiff's motion. (*See* Plaintiff's Statement of Undisputed Facts (hereinafter, "Pl.'s 56.1") [Docket No. 38].) The court presumes true any fact set forth in either party's Rule 56.1 statement, so long as it is supported by record citations, nevertheless construing the record in the light most generous to Plaintiff, a *pro se* litigant.

Capitol Fitness employed Plaintiff as a porter/janitor in several of its gyms dating back to January 2000. (EEOC Charge, Ex. A to Pl.'s Motion for Summary Judgment.) Throughout his time there, Plaintiff performed such duties as wiping down exercise equipment, cleaning the facilities, and doing laundry. (Def.'s Local Rule 56.1 Statement of Material Facts in Support of Its Motion for Summary Judgment (hereinafter "Def.'s 56.1") [Docket No. 28] ¶ 6; Lauderdale Dep, Ex. B to Def.'s 56.1, at 27.) Plaintiff was fired and re-hired on four occasions during his tenure. (Def.'s 56.1 ¶¶ 7, 8; Lauderdale Dep. at 31, 33, 36, 38, 41.) The fifth and final termination occurred in 2006. That summer, Plaintiff and Capital Fitness's operations manager, Dave Paul, began to butt heads. (Def.'s 56.1 ¶ 11; Lauderdale Dep. at 45-47.) In Paul's opinion, Plaintiff was failing to perform the duties assigned him (Def.'s 56.1 ¶ 11), while Plaintiff asserts that Paul treated him rudely and assigned him to duties beyond his job description. (Compl. ¶ 13; Lauderdale Dep. at 43, 63.) For instance, the two men disagreed about whether Plaintiff should be responsible for scheduling janitors' shifts. (Lauderdale Dep. at 45-46.)

The situation came to a head in late August 2006. On August 28, after some confusion over Lauderdale's responsibilities concerning an applicant for a vacant janitor position, Lauderdale left work in the middle of his shift, without permission. (Def.'s 56.1 ¶ 12; Lauderdale Dep. at 50-53.) Lauderdale claims that Paul had previously brought the applicant in for an interview but had not hired him. (Lauderdale Dep. at 51.) On August 28, the applicant showed up for work, but because Lauderdale did not know whether or not Capitol Fitness had actually hired him, Lauderdale was uncertain whether he should assign the applicant to work. (*Id.* at 50-51.) When he could not get in contact with Paul, Lauderdale became "stressed out" and went home early. (*Id.* at 51-52.) When Lauderdale next returned to work, Paul and another manager called Lauderdale into an office and, after a heated exchange, told Lauderdale that he was fired. (Def.'s 56.1 ¶¶ 13-14.) Lauderdale admits that he was upset during this meeting; he testified that he was "about to explode." (Lauderdale Dep. at 54.) Frustrated by his difficulties with Dave Paul, Plaintiff told Mr. Paul, "I do

not want to talk to you" and that he was "not going to listen" to anything the managers had to say. (*Id.*)  A letter written by Defendant's vice president after the filing of this lawsuit, a copy of which is attached to Lauderdale's own motion, refers to Lauderdale's departure during the middle of his shift "without warning or reason" and his "insubordinate" behavior and use of "vulgar language" during the subsequent encounter.  (Letter from Pierro to Lauderdale of 8/2/2007, Ex. D to Pl.'s Mot. for Summ. J.)

Plaintiff has not identified specific direct or circumstantial evidence that race was a factor in the termination decision.  He acknowledges that up to the time of his termination, no employee of Capitol Fitness suggested that Lauderdale was mistreated or fired because of his race. (Def.'s 56.1 ¶¶ 16, 17, citing Lauderdale Dep. at 78.)  Dennis Pierro, a vice president of Capitol Fitness, states in an affidavit that he had "personal knowledge of the defendant's personnel matters, including matters concerning the plaintiff's employment," and that Lauderdale's race did not enter into the gym's decision to terminate him.  (Pierro Aff. ¶ 6.)  Self-serving as this statement may be, Lauderdale offers no evidence to rebut it.  Nor does the record contain any evidence that Capitol Fitness treated similarly situated non-black employees differently than Lauderdale.[1]  Indeed, although Plaintiff testified that Dave Paul "behav[ed] very badly," he admitted that he does not know why Paul disliked him and that he can produce no evidence that race factored into his firing. (Def.'s 56.1 ¶¶ 15, 19, citing Lauderdale Dep. at 63, 78, 79, 80, 86, 87.)

Nevertheless, on April 13, 2007, Plaintiff filed a charge against Capitol Fitness with the Equal Employment Opportunity Commission.  He alleged,

---

[1] Lauderdale did state during his deposition that another former Capitol Fitness employee, Michael Wright, could testify in support of his race discrimination claim.  (Lauderdale Dep. at 83–84.)  Specifically, according to Plaintiff, Wright would testify that other African-American porters at Capitol Fitness quit their jobs after Lauderdale was fired.  (*Id.* at 85–86.)  Even if the court looks beyond the obvious hearsay problems and Plaintiff's failure to include an affidavit or even refer to Wright in his motions or pleadings, evidence that other employees voluntarily quit their jobs is not in itself probative of race discrimination.

> I began employment with [Capitol Fitness] as a Janitor/Porter on or about January 2, 2000. Beginning in or around August 1, 2006, my supervisor began assigning me duties that fell outside my job responsibilities. When I asked him for assistance with completing these extra assignments, he refused to help me. On or about August 29, 2006, [Capitol Fitness] discharged me.
>
> I believe I have been discriminated against based on my race, Black, in violation of Title VII of the Civil Rights Act of 1964 . . . ."

(EEOC Charge.) In the "Discrimination Based On" section of the charge, Lauderdale checked only the box for "Race."[2] (*Id.*) On April 26, the EEOC sent Lauderdale a Dismissal and Notice of Right to Sue, and on June 6, 2007, Plaintiff filed this suit, alleging that Capitol Fitness had discriminated against him on the basis of race when it "failed to stop harassment" and "terminated the plaintiff's employment."[3] (Compl. ¶¶ 9, 12.) In addition, Lauderdale alleged, "Around August 1, 2006 my supervisor began assigning me duties that fell outside my job responsibilities. When I asked the supervisor for assistant, [*sic*] he refused to talk with me." (*Id.* ¶ 13.)

### DISCUSSION

**Summary Judgment Standard**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In determining whether a genuine issue of material fact exists, the court must view the evidence and draw all reasonable inferences in favor of the party

---

[2] Capitol Fitness did in 2005 settle an age discrimination charge filed by Lauderdale over unrelated events (Lauderdale Dep. at 39-41), but in this case Plaintiff does not allege age discrimination. (Compl. ¶ 9; EEOC Charge.)

[3] More than a year before filing his charge of discrimination in this case, Lauderdale proposed the creation of a new regional manager of janitors position that never came to be. (Letter from Lauderdale to Pierro of 1/26/2006, Ex. C to Pl.'s Mot. for Summ. J.; Lauderdale Dep. at 72-76, 94.) Plaintiff has not challenged Capitol Fitness's failure to create that position or hire Plaintiff for it in this lawsuit, nor is there any evidence that Capitol Fitness denied him that position because of his race. (Compl. ¶¶ 12-13; Def.'s 56.1 ¶ 18.)

opposing the motion. *Bennington v. Caterpillar, Inc.*, 275 F.3d 654, 658 (7th Cir. 2001). The court is not required to draw every conceivable inference from the record, however; rather, the non-movant "must present definite, competent evidence in rebuttal." *Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 996 (7th Cir. 2002). Conclusory allegations of discrimination therefore cannot defeat a summary judgment motion. *See Fischer v. Wayne Dalton Corp.*, 139 F.3d 1137, 1140 (7th Cir. 1998). The fact-intensive nature of employment discrimination cases necessitates that the parties highlight those facts favorable to their cases, for the law does not oblige the district court to "scour the record" in search of disputes that might help a plaintiff avoid summary judgment. *Greer v. Bd. of Educ. of the City of Chi.*, 267 F.3d 723, 727 (7th Cir. 2001) (citation omitted).

**Local Rule 56.1**

Under Local Rule 56.1 ("L.R. 56.1") any party moving for summary judgment must serve and file:

(1) any affidavits and other materials referred to in FED. R. CIV. P. 56(e);
(2) a supporting memorandum of law; and
(3) a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law . . . .

L.R. 56.1(a)(1)-(3). In turn, the rule requires the non-moving party to respond to each of the moving party's undisputed facts, stating bases for disagreement supported by citations to supporting evidence. L.R. 56.1(b)(3)(A)-(B). All material facts that the non-moving party fails to controvert "will be deemed to be admitted." L.R. 56.1(b)(3)(C).

The court will liberally construe the pleadings of a *pro se* plaintiff. The purpose of this liberal reading "is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Greer*, 267 F.3d at 727 (quoting *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir.1998)). Where a plaintiff's summary judgment materials are "woefully deficient", however, the plaintiff's *pro se* status will not prevent the court from deeming admitted the defendant's statement of material facts. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) (taking

5

as admitted the defendant's L.R. 56.1 statement, where the *pro se* plaintiff responded to only a few of the defendant's facts and failed to support his contentions with citations to admissible evidence).

Plaintiff himself moved for summary judgment in this case, but his motion consisted of just one short paragraph announcing his request for judgment in his favor and placing reliance on "the accompanying attachments and undisputed material facts." (Pl.'s Mot. for Summ. J. [Docket No. 24].) The motion was not in fact accompanied by any statement of material facts, however, and Plaintiff also neglected to submit a supporting memorandum of law or any affidavits.[4] This clear failure to comply with L.R. 56.1 constitutes sufficient grounds for denial of Plaintiff's motion. *See* L.R. 56.1(a)(3); *cf. also Greer*, 267 F.3d at 727 (noting that a *pro se* plaintiff's failure to comply with L.R. 56.1 was adequate grounds to grant summary judgment for the defendant in an employment discrimination case). By way of a reply in support of his own motion for summary judgment, Plaintiff submitted a three-page document that purports to be a Local Rule 56.1 statement, but does little more than assert that "the tree of discrimination" remains "deeply rooted in America's soil," and complain without elaboration that Dave Paul's "demeanor and ego . . . unreasonably interfer[ed]" with Plaintiff's work performance. (Pl.'s 56.1 ¶ 5.) Nor are any evidentiary materials attached.

In his response to Defendant's summary judgment motion, Plaintiff likewise failed to abide by the requirements of L.R. 56.1. He neglected to respond specifically to each of Capitol Fitness's proposed statements of undisputed fact, and the few responses he did submit did not actually contradict any of those statements. Most of these "responses" simply stated, "Based on recent information plaintiff is requesting a motion of Summary of Disclosure." (Pl.'s 56.1 Response ¶¶ 11,

---

[4] The attachments to Plaintiff's motion include copies of the following: Plaintiff's EEOC charge; an inapplicable federal regulation, 29 C.F.R. 1606.8 (concerning discrimination because of national origin, as opposed to race); a letter from Plaintiff to Defendant's vice president that proposes the creation of a "regional manager of janitors" position (Letter from Lauderdale to Pierro of 1/26/2006, Ex. C to Pl.'s Mot. for Summ. J.); and a subsequent letter from the same vice president to Plaintiff explaining that Defendant terminated Lauderdale because of his unexcused absence from work. (Letter from Pierro to Lauderdale of 8/2/2007, Ex. D to Pl.'s Mot. for Summ. J.)

12, 16, 19.) Plaintiff offers no elaboration concerning the "recent information" to which he refers. Two of Plaintiff's responses included citations to evidence, but neither piece of evidence contained information relevant to rebutting Defendant's factual assertions.[5] (*Id.* ¶¶ 11, 21.) Ultimately, all of Capitol Fitness's facts remain uncontroverted. *See* L.R. 56.1(b)(3)(C).

**Analysis**

Lauderdale claims that Capital Fitness violated Title VII by firing him because of his race. Title VII makes it unlawful for employers to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). Plaintiff can prove a claim of intentional discrimination either by presenting direct or circumstantial evidence of a discriminatory motive (the "direct method") or by the indirect method of proof, sometimes referred to as the "burden-shifting" or *McDonnell Douglas* method. *See Atanus v. Perry*, 520 F.3d 662 (7th Cir. 2008), citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Plaintiff here has no evidence that "points directly" to any discriminatory motive. *See Atanus*, 520 F.3d at 671-72, quoting *Burks v. Wisconsin Dep't of Transp.*, 464 F.3d 744, 751 (7th Cir. 2006). Nor can Plaintiff make the prima facie showing of discrimination required under the burden-shifting method. Defendant does not dispute the first and third prongs of the prima facie

---

[5] The first citation was in response to Defendant's statement, "The plaintiff has acknowledged that Dave Paul was unhappy with the plaintiff because, in Paul's opinion, plaintiff was not doing what Paul had asked him to do." (Def.'s 56.1 ¶ 1, citing Lauderdale Dep. at 47.) Plaintiff responded, "Based on recent information plaintiff is requesting a motion of Summary of Disclosure," and cited to a portion of his deposition in which Plaintiff testified that Paul was a "jerk" to Plaintiff but not to everybody else. (Pl.'s 56.1 Response ¶ 11, citing Lauderdale Dep. at 42.)

Plaintiff included the second citation in response to Defendant's statement, "The defendant took no adverse action against [Lauderdale] because of his race." (Def.'s 56.1 ¶ 21.) Plaintiff responded simply with a citation to a letter from Vice President Dennis Pierro to Lauderdale. The cited material reads, "We have been very patient over the years with you however; you continued to treat your supervisors with subordination [*sic*]." (Letter from Pierro to Lauderdale of 8/2/2007 ¶ 2.)

showing, that the Plaintiff is a member of a protected class and that he suffered an adverse employment decision: Capital Fitness admits that Lauderdale is African-American and that the company terminated his employment. (Def.'s 56.1 ¶¶ 9, 16-18.) But Plaintiff cannot establish the second or fourth prongs. Under the second prong, Plaintiff would need to show that he had been performing his duties satisfactorily. *Atanus*, 520 F.3d at 672. Lauderdale himself admits, however, that a supervisor was displeased with his performance and that on the day before his firing he left work without permission before his shift was over. (Def.'s 56.1 ¶¶ 11-12, citing Lauderdale Dep. at 47, 52-53.) Abandoning one's post defeats a fing of adequate job performance and constitutes legitimate grounds for termination. *See, e.g.*, *Russell v. TG Missouri Corp.,* 340 F.3d 735 (8th Cir. 2003) (leaving post during middle of shift, whether characterized as unexcused absence or job abandonment, constitutes legitimate reason for discharge, defeating discrimination claim)*; Mack v. County of Cook*, 827 F. Supp. 1381, 1387 (N.D. Ill. 1993) (refusal to perform assigned duties is a non-discriminatory reason for discharge); *Radimecky v. Mercy Health Care and Rehab. Ctr.*, No. 00 C 2889, 2001 WL 1002521, at *10 (N.D. Ill. 2001) (leaving work mid-shift without permission constitutes job abandonment, a legitimate reason for discharge that defeats a claim of discrimination).

Finally, regarding the fourth prong–that the Defendant treated similarly-situated non-black employees differently–Lauderdale offers neither evidence nor even allegations. To the contrary, Plaintiff testified that Dave Paul believed he was not "doing the job he wanted [Plaintiff] to do" and did not hold that opinion about other workers. (Lauderdale Dep. at 84.) And he has admitted he has no evidence that he was fired on the basis of his race. (*Id.* at 86-87.)

Perhaps Capitol Fitness was guilty of heavy-handed or incompetent management; perhaps its pattern of having previously discharged and then later rehired Plaintiff lulled him into believing there would be no permanent consequences from his departure without leave. These matters are not the court's concern in a Title VII case, however; as the Seventh Circuit has noted, "[T]he court

is not a 'super-personnel department' intervening whenever an employee feels he is being treated unjustly." *Cardoso v. Robert Bosch Corporation*, 427 F.3d 429, 435-36 (7th Cir. 2005) (quoting *Davis v. Con-Way Transp. Central Express, Inc.*, 368 F.3d 776, 785 (7th Cir. 2004)). Ultimately, the records in this case reflects no genuine factual dispute, and Capitol Fitness is entitled to judgment as a matter of law on Plaintiff's claim of race discrimination.

**Costs and Fees**

Capitol Fitness requests an order awarding attorney's fees, but does so only as an afterthought, without citing any authority to support the request or explaining why such an award is justified. (Def.'s Mot. for Summ. J. ¶ 5; Def.'s Mem. in Support of Its Mot. for Summ. J. 5.) Courts have uniformly recognized that prevailing Title VII defendants bear a heavy burden in demanding attorney's fees, as courts will only award fees where the plaintiff filed a frivolous suit. *See, e.g.*, *EEOC v. O & G Spring and Wire Forms Specialty Co.*, 38 F.3d 872, 881 (7th Cir. 1994) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). Capitol Fitness has made no such argument and the court declines to award fees in this context.

## **CONCLUSION**

Plaintiff's motion for summary judgment (24) is denied, and Defendant's motion for summary judgment (26) is granted. The court enters judgment in favor of Defendant.

ENTER:

Dated: March 18, 2009

_____
REBECCA R. PALLMEYER
United States District Judge